UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


PHILLIP ENNIS,

        Petitioner,

v.                                       Case No. 2:03-CV-5-FTM-29SPC

DUVAL STATE ATTORNEY,
DEPARTMENT OF CHILDREN
AND FAMILIES,[1]

        Respondents.
_____/


## OPINION AND ORDER

This cause is before the Court on Petitioner Phillip Ennis's
("petitioner" or "Ennis") Petition for Writ of Habeas Corpus under
28 U.S.C. § 2241 ("Petition")(Doc. #1).  A Response to Petition for
Writ of Habeas Corpus and Motion for Summary Judgment (Doc. #19)
and an Appendix (Doc. #20) were filed by respondent, and petitioner
filed a Rebuttal to Respondents Response and Motion for Summary
Judgment (Doc. #23).  Petitioner is a civil detainee being held
pursuant to the Jimmy Ryce Act, Fla. Stat. § 394.910 et seq., and
is currently in custody awaiting his civil commitment trial.

**I.**

In 1984, petitioner was convicted of Sexual Battery, Attempted

---

[1] In the Response (Doc. #19), defendant correctly points out that the
Department of Children and Families is the custodian of petitioner, and
is therefore the only proper respondent.  The Duval State Attorney will
be dismissed, and the Department of Children and Families will be
substituted as the respondent.

Sexual Battery, Burglary, Kidnaping, and False Imprisonment, and was sentenced to a total of 17 years in prison.  (Doc. #20, exh. 1).  In 1988, petitioner was convicted of Lewd and Lascivious and Indecent Assault Upon a Minor Child, and was sentenced to 30 years imprisonment.  (Doc. #20, exh. 2).  For reasons that are unclear from the record, petitioner was due to be released on October 15, 2000.  On or about October 2, 2000, the State of Florida filed a civil petition for petitioner's commitment as a sexually violent predator pursuant to the Jimmy Ryce Act.  A state circuit judge signed an *ex parte* order finding probable cause to believe petitioner was a sexually violent predator, and a warrant for custodial detention was signed requiring petitioner to be detained and held in a secure facility as of the conclusion of petitioner's criminal sentence on October 15, 2000.  Pursuant to this warrant, petitioner was taken into the custody of the Florida Department of Children and Families, which has the responsibility to operate appropriate commitment facilities.  Petitioner is currently being held in the Florida Civil Commitment Center (FCCC) pending his civil commitment trial.

By way of background, the State of Florida enacted the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act (hereinafter "Jimmy Ryce Act" or "Act"), §§ 394.910-.913, Fla. Stat., by which a person determined to be a

sexually violent predator[2] is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2).  The Jimmy Ryce Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals."  Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); see also Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).[3] Thus, involuntary commitment of sexually violent predators under the Ryce Act is accomplished by a civil, rather than a criminal proceeding.  In its statement of "findings and intent," the state legislature said that the Act was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for

---

[2]A "sexually violent predator" is defined by the Act as any person who:

    (a) has been convicted of a sexually violent offense; and

    (b) suffers from a mental abnormality or personality disorder that makes the person more likely to engage in acts of sexual violence if not confined in a secure facility for log-term control, care, and treatment.

Section 394.912(10), Fla. Stat. (2002).

[3] "Florida's Ryce Act is similar to the Kansas Sexually Violent Predator Act in many respects.  See Kan. Stat. Ann. § 59-29a01-a20 (Supp. 2001)." Westerheide, 831 So. 2d at 99 n.6.

involuntary treatment un the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" § 94.910, Fla. Stat. (2000).

Subsequent to commitment, persons classified under the Act are periodically examined, at least annually, and a determination is to made whether a committed person may be released safely. §394.918. Additionally, persons committed under the Act have the right to petition for release. § 394.918(2).  The state bears the burden of proving by clear and convincing evidence that the person's mental condition requires continued confinement. § 394.918(4).

## II.

Petitioner has been represented by counsel in the Jimmy Ryce civil commitment case since October 2000, and has also filed numerous *pro se* motions.  That trial is still pending.[4]  Petitioner seeks release from the FCCC prior to his Jimmy Ryce trial, arguing that his current confinement and any subsequent civil commitment are unlawful and unconstitutional. (Doc. #1).  Petitioner argues that the Jimmy Ryce Act is unconstitutional as applied to him, not that it is unconstitutional on its face.  (Doc. #23, pp. 2, 18).  Read liberally, petitioner makes the following arguments: (1) the prosecutor's decision to apply the Jimmy Ryce Act to him was

---

[4]Petitioner is apparently one of those persons detained for long periods after their scheduled release date without being taken to trial.  State v. Goode, 830 So. 2d 817, 825 n.7 (Fla. 2002).  Petitioner does not complain about this delay, and the Florida Supreme Court has upheld dismissal by the state court where trial was not commenced within the statutory 30 day period in the absence of a continuance for good cause. Goode.  The remedy is release from detention and dismissal without prejudice.  Osborne v. State, 907 So. 2d 505, 509 (Fla. 2005).

selective prosecution because not all sexually violent offenders are referred for detention, and thus it violated due process and equal protection; (2) the prosecutor's decision to apply the Jimmy Ryce Act to him was gender-based discrimination, because the Jimmy Ryce Act is not used to detain female sex offenders, and thus it violated due process and equal protection; (3) that he does not meet the criteria for civil commitment and that the state's evaluation was insufficient to support the probable cause determination; and (4) that the probable cause affidavit was unsworn.  (Doc. #23, pp. 2, 4, 13).

**III.**

The Petition for habeas corpus relief is a pre-trial petition, and therefore it is properly brought pursuant to 28 U.S.C. § 2241. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004), cert. denied, 543 U.S. 1051 (2005).  In a § 2241 proceeding, the proper respondent is "the person who has custody over petitioner." 28 U.S.C. § 2242; Rumsfeld v. Padilla, 543 U.S. 425, 435-42 (2004); Walther v. Bauknecht, 155 Fed. Appx. 463, 464 (11th Cir. 2005).  In this case, as noted above, the proper respondent is the Florida Department of Children and Families.  Therefore, the Duval State Attorney will be dismissed as an improper respondent.

Respondent asserts, among other things, that the Court should abstain from hearing the matter because the civil commitment trial remains pending and therefore the petition is premature.  While

5

more analysis is required than offered by respondent, the Court ultimately agrees that it should exercise its discretion and abstain.  Accordingly, the § 2241 petition will be dismissed.

Whether to abstain under Younger v. Harris, 401 U.S. 37 (1971) is a threshold issue which may be resolved even before jurisdiction.  Tenet v. Doe, 125 S. Ct. 1230, 1235 n.4 (2005).  Of prime importance is the principle that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).  See also New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350, 358 (1989). In some classes of cases, however, federal courts should withhold relief to avoid undue interference with state court proceedings. NOPSI, 491 U.S. at 359.  In the federal habeas context, a federal district court must consider Younger abstention principles before habeas relief may be granted.  Hughes, 377 F.3d at 1262.  In Younger v. Harris the Supreme Court held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.  NOPSI, 491 U.S. at 364.   Although Younger concerned state criminal proceedings, it has not been limited to such proceedings.  Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004).  Younger has been held to apply to pending civil enforcement proceedings that are "akin to a criminal prosecution."  Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)(nuisance statute). Additionally, its principles are "fully applicable to noncriminal judicial

6

proceedings when important state interests are involved." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)(state bar disciplinary hearing); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir.)(state dependency proceedings), cert. denied, 540 U.S. 984 (2003). Finally, Younger was applied in a civil context involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. E.g., Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987)(requirement for posting bond pending appeal).

The Court concludes that Younger principles apply to this case because the Jimmy Ryce proceedings are akin to a criminal prosecution and are judicial proceedings which involve important state interests. While civil proceedings are pending, the result is a potentially lengthy involuntary detention for sexual predators.

Under Younger, a federal court should abstain from hearing a case when (1) the proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) plaintiff has an adequate opportunity to raise his constitutional challenges in the state court proceedings. Middlesex, 457 U.S. at 432. Additionally, abstention is not triggered unless the federal order would create an "undue interference with state proceedings." NOPSI, 491 U.S. at 359 (citing Younger); Wexler, 385 F.3d at 1339.

It is clear that the Jimmy Ryce civil commitment proceedings

are an ongoing state judicial proceeding for purposes of the Younger analysis.  It is also clear that the Jimmy Ryce civil commitment proceedings implicate important state interests involving the confinement and treatment of sexual predators.  The first two prongs of Younger are therefore easily satisfied in this case.

Petitioner has adequate opportunities in the state proceedings to raise the constitutional challenges he asserts in his federal habeas petition.  The issues may be raised in the state trial court, and some of the trial judge's pretrial decisions are subject to challenge in a pretrial state habeas petition.  Murray v. Regier, 872 So. 2d 217 (Fla. 2002).  Indeed, petitioner has already pursued pretrial habeas corpus relief in the state courts.  Ennis v. Reiger, 869 So. 2d 701 (Fla. 2d DCA 2004) (affirming dismissal of Petitioner's two habeas corpus petitions on certain issues, but remanding to the trial court to determine whether Petitioner was brought to trial within the 30 days as mandated by section 394.916(1) and Goode);(Doc. #27, app. C, exh. 8, pp. 26-27).[5]  If petitioner is civilly committed, he has the right to appeal that decision to the Florida appellate court.  Even if the developed body of law is contrary to petitioner's position, adverse state

---

[5]On remand, the state trial court found that Petitioner had not been unlawfully denied due process by the failure to hold his Jimmy Ryce trial within the requisite 30 days because the delay was occasioned by Petitioner's waiver of speedy trial and requests for continuances from both Petitioner and Respondent. (Doc. #27, app. D, exh. 3, pp. 14-22).

precedent does not deprive a party of the opportunity to raise issues within the meaning of Middlesex.  Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1262 (11th Cir. 1997), cert. denied, 523 U.S. 1047 (1998).

Finally, petitioner's requested relief of releasing him from custody and declaring the statute unconstitutional as applied to him would clearly and unduly interfere with the state proceedings. Petitioner essentially wants a federal court to conduct his Jimmy Ryce Act civil commitment trial.  "[T]he mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction."  NOPSI, 491 U.S. at 365.  This is because the court's inquiry into the substantiality of the State's interest in its proceedings is not a narrow look at the interest in the outcome of a particular case, but the importance of the generic proceedings to the State.  NOPSI, 491 U.S. at 365.  Here, the State of Florida has a substantial interest in addressing sexual predators, and there is no reason a federal court should preemptively preclude that interest in this cases.

There are, however, three exceptions to the Younger abstention which must be considered: (1) whether there is evidence of state proceedings motivated by bad faith; (2) whether irreparable injury would occur to petitioner; or (3) whether there is an adequate alternative state forum where the constitutional issues can be raised.  Younger, 401 U.S. at 45, 53-54.  None of these exceptions apply in this case.  There is no evidence that the state

9

proceedings are motivated by bad faith, and petitioner's two prior sexual offender convictions coupled with the other evidence certainly establishes a prima facie case for civil commitment despite petitioner's claims to the contrary.

Irreparable injury will not accrue to petitioner by being required to proceed with the state proceedings instead of using a federal court to interfere with those proceedings.  Irreparable injury may be shown if a state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Hughes, 377 F.3d at 1263, n.6 (citing Younger, 401 U.S. at 53-54).  A similar state statute has been upheld by the United States Supreme Court, Kansas v. Hendricks, 521 U.S. 346 (1997), Kansas v. Crane, 534 U.S. 407 (2002), and the Florida Supreme Court has reviewed the contours of multiple aspects to the Jimmy Ryce Act provisions.  Kephart v. Regier, ___ So. 2d ___, 2005 WL 673681 (Fla. March, 2005); Mitchell v. State, 911 So. 2d 1211 (Fla. 2005); Osborne v. State, 907 So. 2d 505 (Fla. 2005); Hale v. State, 891 So. 2d 517 (Fla. 2004), cert. denied, 126 S. Ct. 39 (2005); State v. White, 891 So. 2d 502 (Fla. 2004), cert. denied, 126 S. Ct. 37 (2005); Murray v. Regier, 872 So. 2d 217 (Fla. 2002); Westerheide v. State, 831 So. 2d 93 (Fla. 2002); State v. Atkinson, 831 So. 2d 172 (Fla. 2002); State v. Goode, 830 So. 2d 817 (Fla. 2002); Hudson v. State, 825 So. 2d 460 (Fla. 2002).  There is no irreparable injury in requiring

10

petitioner's case to be tried in state court.

Finally, there are adequate alternative state forums where the constitutional issues can be raised.  Petitioner can raise each of his as-applied issues in defense of the civil commitment petition, and can challenge the result on direct appeal should he not prevail.  Additionally, some issues are subject to state habeas proceedings.  Fla. Stat. § 394.9215; Murray, 872 So. 2d 217.  If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered, and Ennis would have the right to appeal the decision and exhaust his constitutional claims in the state courts.  Hale, 891 So. 2d 1517 (sufficiency of evidence reviewed on direct appeal); White, 891 So. 2d 502 (same).  Alternatively, the Jimmy Ryce Trial may conclude in his favor and result in Petitioner's release, thus mooting this Petition.

Accordingly, for the reasons explained above, it is hereby

**ORDERED AND ADJUDGED:**

1.  Defendant Duval State Attorney is **dismissed** as an improper respondent and shall be terminated on the docket as a party-defendant.

2.  Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** except as to any application of the federal statute of limitations or other procedural bars which may apply. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this

11

case.

      **DONE AND ORDERED** at Fort Myers, Florida on this   30th   day
of March 2006.


                                JOHN E. STEELE
                                United States District Judge

Copies to:
Petitioner
Respondent
SA/as,hk